# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODY PAUL ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON CORPORATION<br><br>Defendant. | Civil Action No. 17-2299-BRM- LHG<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on Plaintiff Jody Paul Adams's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 3 and 4.) When a plaintiff, including a non-prisoner, seeks to proceed IFP under 28 U.S.C. § 1915, he is required to submit an affidavit that sets forth his assets and attests to his inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). Permission to proceed IFP "is a privilege rather than a right," *Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3d Cir. 2013), and "[t]he decision . . . turns on whether an applicant is 'economically eligible for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). Therefore, the decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell*, 536 F.2d at 19. "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

Adams filed two long-form applications to proceed IFP, several months apart. (ECF Nos. 1-1 and 4.) The second application is missing pages 3 through 5 of the long form application, but includes Adams's Wells Fargo checking account statement for July 2017. (*See* ECF No. 4 at 6-11.) While, in the first application, Adams certifies he does not expect any major changes to his income or expenses, he provided the Court with additional information in his second application. Therefore, the Court will consider both applications together in order to determine Adams's ability to pay the filing fee.

According to Adams's IFP application, his total household income (including his wife's income) is $3115 per month, comprised of $1,860 from his disability payments, $455 from VA disability, and $800 for his wife's disability. (ECF No. 3 at 2; ECF No. 4 at 2.) At the time of the first application, their household expenses totaled $1915 per month. (ECF No. 3 at 4.) Neither he nor his wife are employed, nor have they been employed in the last two years. (ECF No. 3 at 2; ECF No. 4 at 2.) Adams does not own any real estate[1] but owns a 2013 Ford Focus, which he values at $7000.[2] (ECF No. 3 at 3.) Based on this alone, the Court notes Adams's monthly income exceeds his expenses by over $1000.

Additionally, the line items in Adams's Wells Fargo checking account statement further belie his claims of financial hardship. (ECF No. 4 at 6-11.) While Adams's affidavit states he has $200 in his checking account, the account shows a balance of $327.37. Moreover, Adams spent a total of $110 on "FanDuel," a fantasy sports game, and $350 at the Parx Casino. (*Id.*) Other

---

[1] *But see* ECF No. 5 (showing water and mortgage bills in Adams's name, for a property other than his mailing address).

[2] On even date, the Court reviewed two additional applications to proceed IFP filed by Adams. *See* Case Nos. 17-2298 and 17-5412. While the Court is considering each application independently, it notes Adams's other affidavits did not indicate he owned a motor vehicle. Regardless, this discrepancy is immaterial to the Court's decision.

expenditures include $52.34 at a liquor store, $124.60 at Michaels (an arts and crafts retail store), $50 at a nails salon, $67.84 at a jewelry store, and $49.10 at a sports pub. (*Id.* at 7-11). There are also six separate Transaction Fees for using ATMs unauthorized by his bank, an indifference to which is not commensurate with an inability to pay filing and docketing fees.

While a person need not be destitute in order to proceed IFP, the record before the Court does not show Adams's "inability to pay the filing and docketing fees," *Taylor*, 261 F. App'x at 400, or that he would be deprived of the necessities of life by paying same, *Shahin*, 532 F. App'x at 124 (quoting *Adkins*, 335 U.S. at 339). *Cf. Taylor*, 261 F. App'x at 400 (finding the district court abused its discretion by denying an IFP application where the applicant was unemployed and the spouse supported the applicant and their six children while living below the federal poverty level).

The Court makes note of the Water Shut Off Notice and Mortgage Billing Statement provided by Adams, just one day after he filed his second IFP application. However, the documents relate to a property located on Hamilton Avenue in Trenton, New Jersey, at an address other than Adams's mailing address. Without an affidavit from Adams with respect to the documents or the amounts owed therein, the Court cannot attribute them to Adams. If Adams wishes to file a new IFP application, he may do so.

Accordingly,

**IT IS** on this 28th day of February 2018,

**ORDERED** that Adams's Application to Proceed IFP (ECF Nos. 3 and 4) are **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** the Clerk is directed to **CLOSE** the file; and it is finally

**ORDERED** that Adams may submit payment in the amount of $400.00 within 14 days from the date of this order to reopen the case without further action from the Court.

>  */s/ Brian R. Martinotti*
>  **HON. BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**